UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 12-141-JBC

LARRY EMERY,                                                                 PLAINTIFF,

V.                  **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

      This matter is before the court upon cross-motions for summary judgment on Emery's appeal of the Commissioner's denial of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court will grant Emery's motion, R. 12, in part and deny the Commissioner's motion, R. 13, because substantial evidence does not support the administrative decision.

      At the date of his application for benefits, Emery was a 50-year-old man with an eighth-grade education and past relevant work as a maintenance worker and welder. He alleged disability beginning March 13, 2003, due to severe pain resulting from a right arm injury. He later amended his onset date to November 10, 2008, his 50th birthday. His Date Last Insured ("DLI") for DIB purposes was March 31, 2009, meaning that he was required to show disability before that date in order to be entitled to DIB. His SSI application is not affected. He filed his DIB application on May 4, 2009, and his SSI application on June 22, 2009, AR 152-

1

56, and after several administrative denials and appeals, Administrative Law Judge ("ALJ") Don C. Paris issued a decision determining that Emery was not disabled. AR 12-20. Under the traditional five-step analysis at 20 CFR section 404.1520; 416.920, the ALJ found that Emery had not been engaged in substantial gainful activity since November 10, 2008, his alleged onset date; that he had "severe" impairments consisting of chronic right lateral epicondylitis and chronic back pain; that his impairments, whether considered singly or in combination, did not meet or equal one of the Commissioner's Listings of Impairment; that he retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), limited by an ability to only occasionally push or pull or use hand controls with the right upper extremity, only occasionally reaching overhead with the nondominant right upper extremity, never crawling or climbing ladders, ropes, and scaffolds, occasionally stooping, kneeling, crouching, or climbing stairs or ramps, and needing to avoid concentrated exposure to full body vibration and all hazards such as unprotected heights and dangerous machinery; and that, based on his RFC and the testimony of a vocational expert ("VE"), a significant number of unskilled jobs existed in the economy which Emery could perform. AR 14-20. The ALJ thus denied Emery's claim of disability on November 19, 2010. AR 19-20. The Appeals Council declined review, AR 1-3, and this action followed.

Emery argues on appeal that the ALJ improperly rejected the opinions of treating and examining physicians. In addition, he notes that the ALJ's

hypothetical restrictions do not conform to those given by a non-examining reviewing physician.

Two treating physicians offered opinions regarding Emery's functional capacity. Dr. Anthony McEldowney, an orthopedist who had operated on Emery's right arm in 2003 in a procedure described as a right nirschi debridement of the lateral epicondyle with partial ostectomy, AR 253, provided a medical report dated February 4, 2005. Dr. McEldowney stated that Emery had been using a jackhammer on March 13, 2003, when he began to suffer elbow pain in his nondominant right arm. AR 260. He required two surgical procedures around his right elbow but continued to have significant pain and weakness in the entire elbow and forearm. Dr. McEldowney diagnosed chronic right lateral epicondylitis and opined that Emery could perform no repetitive activities with his right arm, could lift and carry up to 5 pounds and push and pull 12 to 15 pounds with the right arm on a single occasion, and was unable to perform any activity that required a sustained grip. AR 263. He recommended strongly against unprotected heights, ladder climbing, and overhead activities with the right arm, and opined that Emery was unable to operate machinery requiring any activity with the right arm. *Id.* The ALJ stated that he would give "some weight" to Dr. McEldowney's opinion but found it "lacking in that it was rendered over three years prior to the claimant's alleged onset date." AR 17.

Dr. William F. McKemie treated Emery during the relevant period after the modified onset date and provided a physical medical assessment dated August 25, 2010. He did not fill out part of the form provided to him regarding Emery's ability to lift and carry, but he limited his patient to standing and walking one hour in an eight-hour day (and, inconsistently, two hours without interruption), sitting four hours, never climbing, stooping, crouching, kneeling, or crawling, and occasionally balancing. His patient's ability to handle, push, and pull was affected to an unspecified degree. He also placed restrictions on Emery's working around heights, moving machinery, and temperature extremes, and added that he would expect Emery to be absent about three days per month and that he was not capable of sustaining work activity for eight hours a day, five days a week. AR 403-06. The ALJ conceded that Dr. McKemie was a treating source but discounted his opinion because it was incomplete, because it contained a conclusory disability opinion, and because it was internally inconsistent in the manner described above. AR 17. The ALJ also felt that the opinion was inconsistent with Emery's limited recent medical treatment. AR 18.

Dr. Helen O'Donnell examined Emery on one occasion at the request of the state Department for Disability Determination. She noted, among other findings, that Emery had a scar on his right elbow, apparent wasting in his wrist extensor muscle mass at the right elbow, marked tenderness to palpation at the right elbow, and an "adequate" but decreased grip on the right with pain on resistance. AR 268.

4

O'Donnell noted that Emery's right elbow could not be straightened, lacking 25 degrees from full extension, and that his right shoulder was also limited in external rotation because of pain. Emery also experienced pain with his dorsiflexion of the right wrist at the end of the full range of motion. AR 269. Dr. O'Donnell made a number of diagnoses including back pain, with a questionable compression fracture, and pain in the nondominant right elbow. *Id.* She opined that Emery would have limitations walking, standing, and with many postural activities, and while he could perform fine and gross motor manipulation with his dominant left hand, he could do so only at a table level. AR 269-70. The ALJ rejected Dr. O'Donnell's opinion because he felt it was based on speculative diagnoses of back pain. He did not discuss her objective findings regarding arm problems. AR 18.

The ALJ stated that his functional capacity assessment was supported by an assessment made by a state agency medical consultant. AR 18. The only such assessment was provided by Dr. P. Saranga on February 6, 2010. AR 301-08. Dr. Saranga's assessment is generally consistent with the ALJ's RFC, with one significant exception: Dr. Saranga indicates that Emery's reaching in all directions, including overhead, is "limited." AR 304. This contrasts with the ALJ's determination that Emery should be limited to occasional overhead reaching with the right upper extremity. AR 15.

The ALJ properly rejected the opinion of Dr. McKemie. The opinion of a treating physician is entitled to controlling weight if it is well supported by

5

medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). The same regulation requires that the Commissioner will always give "good reasons" for the weight given the treating source opinion. In the present case, the ALJ reasonably rejected the portions of Dr. McKemie's report that were conclusory. *See* 20 C.F.R § 404.1527(e). The ALJ also provided a reasonable explanation for declining to accept the specific restrictions listed by the treating source, citing the internal contradictions in the treating source's assessment of Emery.

The ALJ's failure to accept greater restrictions on reaching are more problematic. As previously noted, Dr. McEldowney's opinion was given "some weight" by the ALJ, but the ALJ did not specify which portion of his opinion was entitled to weight or why it was given such weight. Moreover, the ALJ was incorrect in saying that Emery's functional assessment was supported by the state agency reviewer, as Dr. Saranga did limit reaching in all directions, not just overhead. The opinions of state agency physicians, while not binding on the ALJ, must be considered as opinion evidence, and unless the treating source opinion is given controlling weight, the ALJ "must explain in the decision the weight given to the opinions of a state agency medical or psychological consultant." 20 CFR § 404.1527(f)(2)(ii). The ALJ's decision, by not recognizing the discrepancy between the RFC finding and Dr. Saranga's opinion, fails to meet this standard.

Nor is the error harmless.  Social Security Ruling ("SSR") 83-14 provides that non-exertional limitations (such as using the hands to grasp, hold, and turn objects) are required in many unskilled light-level jobs, and any limitation on these functional abilities must be considered very carefully to determine its impact on the size of the remaining occupational base. SSR 83-14 at *4. The evidence of the treating, examining, and non-examining sources suggests that, at a minimum, a greater limitation should be placed on Emery's reaching.  The uncertain effect that such a limitation would have on upon Emery's occupational base necessitates further consideration.

Accordingly,

**IT IS ORDERED** that Emery's motion for summary judgment, R. 12, is **GRANTED** in part and **DENIED** in part and that the case is **REMANDED** to the Social Security Administration for further proceedings.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 13, is **DENIED**.

The court will enter a separate judgment.

Signed on January 4, 2013

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY